UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

ERIC DARCELL WALKER, JR.,

                Plaintiff,

v.                                                Case No. 24-cv-472-pp

DIRECTOR BRIGGS, *et al.*,

                Defendants.

**ORDER GRANTING PLAINTIFF'S MOTION FOR LEAVE TO PROCEED WITHOUT PREPAYING FILING FEE (DKT. NO. 2) AND SCREENING COMPLAINT UNDER 28 U.S.C. §1915A**

Plaintiff Eric Darcell Walker, Jr., who is incarcerated at Dodge Correctional Institution and is representing himself, filed a complaint under 42 U.S.C. §1983, alleging that the defendants violated his constitutional rights. This decision resolves the plaintiff's motion for leave to proceed without prepaying the filing fee, dkt. no. 2, and screens his complaint, dkt. no. 1.

**I.    Motion for Leave to Proceed without Prepaying the Filing Fee (Dkt. No. 2)**

The Prison Litigation Reform Act (PLRA) applies to this case because the plaintiff was incarcerated when he filed his complaint. See 28 U.S.C. §1915(h). The PLRA lets the court allow an incarcerated plaintiff to proceed with his case without prepaying the civil case filing fee. 28 U.S.C. §1915(a)(2). When funds exist, the plaintiff must pay an initial partial filing fee. 28 U.S.C. §1915(b)(1). He then must pay the balance of the $350 filing fee over time, through deductions from his prisoner account. Id.

1

On July 11, 2024, the court ordered the plaintiff to pay an initial partial filing fee of $9.49. Dkt. No. 14. The court received that fee on July 30, 2024. The court will grant the plaintiff's motion for leave to proceed without prepaying the filing fee and will require him to pay remainder of the filing fee over time in the manner explained at the end of this order.

**II.    Screening the Complaint**

    A.    <u>Federal Screening Standard</u>

Under the PLRA, the court must screen complaints brought by incarcerated persons seeking relief from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. §1915A(a). The court must dismiss a complaint if the incarcerated plaintiff raises claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. §1915A(b).

In determining whether the complaint states a claim, the court applies the same standard that it applies when considering whether to dismiss a case under Federal Rule of Civil Procedure 12(b)(6). See <u>Cesal v. Moats</u>, 851 F.3d 714, 720 (7th Cir. 2017) (citing <u>Booker-El v. Superintendent, Ind. State Prison</u>, 668 F.3d 896, 899 (7th Cir. 2012)). To state a claim, a complaint must include "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The complaint must contain enough facts, accepted as true, to "state a claim for relief that is plausible on its face." <u>Ashcroft v. Iqbal</u>, 556 U.S. 662, 678 (2009) (quoting <u>Bell Atlantic Corp. v.</u>

Twombly, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows a court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. (citing Twombly, 550 U.S. at 556).

To state a claim for relief under 42 U.S.C. §1983, a plaintiff must allege that someone deprived him of a right secured by the Constitution or the laws of the United States, and that whoever deprived him of this right was acting under the color of state law. D.S. v. E. Porter Cnty. Sch. Corp., 799 F.3d 793, 798 (7th Cir. 2015) (citing Buchanan–Moore v. County of Milwaukee, 570 F.3d 824, 827 (7th Cir. 2009)). The court construes liberally complaints filed by plaintiffs who are representing themselves and holds such complaints to a less stringent standard than pleadings drafted by lawyers. Cesal, 851 F.3d at 720 (citing Perez v. Fenoglio, 792 F.3d 768, 776 (7th Cir. 2015)).

B. The Plaintiff's Allegations

The plaintiff alleges that on September 19, 2023, he was confined at the Milwaukee County Jail due to pending criminal charges. Dkt. No. 1 at 2. He states that he was placed in a cell on unit 3B with an individual he had never met before. Id. When the plaintiff entered the cell, he allegedly was given a tablet to use for entertainment. Id. He says he did not know how to use it and he requested help from his cellmate, James Baggette, III. Id. The plaintiff states that Baggette became belligerent and disrespectful; the plaintiff tried to defuse the situation which only seemed to anger Baggette. Id. The plaintiff alleges that after several threats were made, he pressed the emergency call button in his

3

cell. Id. Defendant CO S. Johnson allegedly answered the call, and the plaintiff told her that his cellmate had threatened him and that he felt uncomfortable; he asked to speak with someone "about possibly being moved." Id. Johnson allegedly replied that the two cellmates would have to work it out on their own and clicked off the intercom. Id.

The plaintiff alleges that Baggette began to threaten him again, saying that he should whoop the plaintiff's ass for bothering him and "fuck that tablet!" Id. at 2. The plaintiff states that he again pressed the call button and informed Johnson; she said she would see what she could do. Id. at 3. Baggette allegedly continued to threaten the plaintiff and every attempt to reach the officer on the call button from then on went unanswered. Id. The plaintiff alleges that as he waited for his call to be answered, his cellmate grabbed the tablet from the desk and wrapped it inside a blanket, but upon hearing a door close he immediately laid down as if he was asleep. Id. The plaintiff says that he ran to the cell door and noticed defendant CO B. Kalponek, who was doing cell inspections. Id. The plaintiff allegedly called Kalponek to the cell, begged him to do what he could to get the plaintiff removed from the cell and told Kalponek that he was being threatened. Id. The plaintiff states that Kalponek said the best he could do was contact "classification." Id.

After Kalponek left the unit, Baggette allegedly attempted to attack the plaintiff with the tablet wrapped inside his blanket. Id. The plaintiff says that he defended himself as best as he could. Id. Baggette allegedly bit and held onto the plaintiff's finger until a part of it was "eventually amputated." Id. The

4

plaintiff states that he began to yell for help until individuals in the surrounding cells called for help and got the attention of the correctional officers. Id.

The plaintiff claims that defendants Kalponek and Johnson's deliberate indifference to his safety and security violated the plaintiff's constitutional rights. Id. He seeks compensatory and punitive damages. Id. at 4.

C. Analysis

Incarcerated individuals "have a clearly established right to be free from physical harm inflicted by others in the institution," and under 42 U.S.C. §1983 they may sue jail or prison staff who fail to protect them. Thomas v. Dart, 39 F.4th 835, 841 (7th Cir. 2022) (quoting Kemp v. Fulton County, 27 F.4th 491, 494 (7th Cir. 2022)). Because the plaintiff alleges that he was a pretrial detainee, his claim arises under the Fourteenth Amendment. Id. To state a failure-to-protect claim under the Fourteenth Amendment, a pretrial detainee must allege that

> (1) the defendant made an intentional decision regarding the conditions of the plaintiff's confinement; (2) those conditions put the plaintiff at substantial risk of suffering serious harm; (3) the defendant did not take reasonable available measures to abate the risk, even though a reasonable officer in the circumstances would have appreciated the high degree of risk involved, making the consequences of the defendant's inaction obvious; and (4) the defendant, by not taking such measures, caused the plaintiff's injuries.

Id. (citing Kemp, 27 F.4th at 496).

The plaintiff may proceed on a failure-to-protect claim against defendants Johnson and Kapolnek based on allegations that he told them his

5

cellmate had threatened to harm him, but they did not take action before his cellmate attacked him.

The plaintiff also sues Director Briggs and Warden Benzel, but the complaint contains no allegations against them. The court will dismiss defendants Briggs and Benzel.

## III. Conclusion

The court **GRANTS** the plaintiff's motion for leave to proceed without prepaying the filing fee. Dkt. No. 2.

The court **DISMISSES** defendants Director Briggs and Warden Jason Benzel.

Under an informal service agreement between Milwaukee County and this court, the court will electronically transmit a copy of the complaint and this order to Milwaukee County for service on defendants CO B. Kapolnek and CO S. Johnson. Under the informal service agreement, the court **ORDERS** those defendants to file a responsive pleading to the complaint within sixty (60) days.

The court **ORDERS** that the agency that has custody of the plaintiff must collect from his institution trust account the **$340.51** balance of the filing fee by collecting monthly payments from the plaintiff's prison trust account in an amount equal to 20% of the preceding month's income credited to the plaintiff's trust account and forwarding payments to the Clerk of Court each time the amount in the account exceeds $10 in accordance with 28 U.S.C. §1915(b)(2). The agency must clearly identify the payments by the case name and number.

If the plaintiff transfers to another county, state or federal institution, the transferring institution must forward a copy of this order, along with the plaintiff's remaining balance, to the receiving institution.

The court will send a copy of this order to the Oneida County Sheriff, who oversees the Oneida County Jail where the plaintiff is confined.

The court **ORDERS** that the parties must not begin discovery until after the court enters a scheduling order setting deadlines for completing discovery and filing dispositive motions.

The court **ORDERS** that plaintiffs who are incarcerated at Prisoner E-Filing Program institutions[1] must submit all correspondence and case filings to institution staff, who will scan and e-mail documents to the court. Plaintiffs who are incarcerated at all other prison facilities must submit the original document for each filing to the court to the following address:

> Office of the Clerk
> United States District Court
> Eastern District of Wisconsin
> 362 United States Courthouse
> 517 E. Wisconsin Avenue
> Milwaukee, Wisconsin 53202

DO NOT MAIL ANYTHING DIRECTLY TO THE JUDGE'S CHAMBERS. It will only delay the processing of the case.

The court advises the plaintiff that if he fails to file documents or take other required actions by the deadlines the court sets, the court may dismiss

---

[1] The Prisoner E-Filing Program is mandatory for all individuals incarcerated at Green Bay Correctional Institution, Waupun Correctional Institution, Dodge Correctional Institution, Wisconsin Secure Program Facility, Columbia Correctional Institution, and Oshkosh Correctional Institution.

the case based on his failure to diligently pursue it. The parties must notify the Clerk of Court of any change of address. The court also advises the plaintiff that it is his responsibility to promptly notify the court if he is released from custody or transferred to a different institution. The plaintiff's failure to keep the court advised of his address may result in the court dismissing this case without further notice.

The court will include a guide prepared by court staff to address common questions that arise in cases filed by prisoners. Entitled "Answers to Prisoner Litigants' Common Questions," this guide contains information that the plaintiff may find useful in prosecuting his case.

Dated in Milwaukee, Wisconsin, this 11th day of October, 2024.

BY THE COURT:

_____
**HON. PAMELA PEPPER**
**Chief United States District Judge**

8

Case 2:24-cv-00472-PP   Filed 10/11/24   Page 8 of 8   Document 18