UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

ERIC DARCELL WALKER, JR.,

                Plaintiff,

v.                                 Case No. 24-cv-472-pp

BRANDON KAPOLNEK, *et al.*,

                Defendants.

**ORDER DENYING PLAINTIFF'S MOTION TO COMPEL (DKT. NO. 29) AND DENYING WITHOUT PREJUDICE PLAINTIFF'S MOTION TO APPOINT COUNSEL (DKT. NO. 30)**

      Plaintiff Eric Darcell Walker, Jr., who is incarcerated at Stanley Correctional Institution and is representing himself, filed a complaint under 42 U.S.C. §1983, alleging that the defendants violated his constitutional rights when he was a pretrial detainee confined at the Milwaukee County Jail. The court screened the complaint and allowed the plaintiff to proceed on Fourteenth Amendment failure-to-protect claims against defendants Brandon Johnson and Brandon Kapolnek based on allegations that the plaintiff told them his cellmate had threatened to harm him, but they did not take action before his cellmate attacked him. Dkt. No. 18 at 5-6. This order addresses the plaintiff's motion to compel, dkt. no. 29, and motion to appoint counsel, dkt. no. 30.

**I.    Motion to Compel (Dkt. No. 29)**

      In his motion to compel, the plaintiff states that on December 29, 2024, he wrote a letter to the defendants with a list of the documents he needs for his case. Dkt. No. 29 at 1. The plaintiff states that he wrote another letter to the

1

Case 2:24-cv-00472-PP    Filed 05/05/25    Page 1 of 5    Document 35

defendants on February 1, 2025, which has gone unanswered. Id. The defendants responded that they timely responded to the plaintiff's discovery requests on February 18, 2025. They contend that the court should deny the plaintiff's motion to compel because they timely and sufficiently responded to his discovery request. Id. at 1-2. Based on the defendants' response, the court will deny the plaintiff's motion to compel.

## II. Motion to Appoint Counsel (Dkt. No. 30)

On the same day the plaintiff filed his motion to compel, he filed a motion to appoint counsel in which he states that he cannot afford an attorney, and he is not educated in civil law. Dkt. No. 30 at 1. The plaintiff states that he tried to find a lawyer on his own and he submits two letters from attorneys whom he tried to retain. Id. The plaintiff also states that there are several aspects to this case that he finds very complex and several things in the defendants' answer that he does not comprehend. Id. The plaintiff asserts that he believes the defendants will not handle his requests with the proper respect because he does not have a lawyer. Id. He states that although he is not completely uneducated in the law, he does not understand all that comes with arguing a civil case. Id.

In a civil case, the court has discretion to recruit a lawyer for individuals who cannot afford to hire one. Navejar v. Iyola, 718 F.3d 692, 696 (7th Cir. 2013); 28 U.S.C. §1915(e)(1); Ray v. Wexford Health Sources, Inc., 706 F.3d 864, 866-67 (7th Cir. 2013). "[D]eciding whether to recruit counsel 'is a difficult decision: Almost everyone would benefit from having a lawyer, but there are too many indigent litigants and too few lawyers willing and able to volunteer for these cases.'" Henderson v. Ghosh, 755 F.3d 559, 564 (7th Cir. 2014) (quoting Olson v. Morgan, 750 F.3d 708, 711 (7th Cir. 2014)).

2

In exercising its discretion, the court must consider two things: "(1) 'has the indigent plaintiff made a reasonable attempt to obtain counsel or been effectively precluded from doing so,' and (2) 'given the difficulty of the case, does the plaintiff appear competent to litigate it himself?'" Eagan v. Dempsey, 987 F.3d 667, 682 (7th Cir. 2021) (quoting Pruitt v. Mote, 503 F.3d 647, 654-55 (7th Cir. 2007)). And, given the scarcity of *pro bono* counsel resources, the court may also consider the merits of a plaintiff's claim and what is at stake. Watts v. Kidman, 42 F.4th 755, 763-64 (7th Cir. 2022).

To satisfy the first prong, the court must determine that a plaintiff made a good faith effort to hire counsel. Pickett v. Chi. Transit Authority, 930 F.3d 869, 871 (7th Cir. 2019). "This is a mandatory, threshold inquiry that must be determined before moving to the second inquiry." Eagan, 987 F.3d at 682. To demonstrate he satisfied the first prong, the plaintiff must show he contacted at least three lawyers and provide the court with (1) the lawyers' names; (2) their addresses; (3) how and when the plaintiff attempted to contact the lawyer; and (4) the lawyers' responses.

"The second inquiry requires consideration of both the factual and legal complexity of the plaintiff's claims and the competence of the plaintiff to litigate those claims." Eagan, 987 F.3d at 682. When considering the second prong, the court "must examine the difficulty of litigating specific claims and the plaintiff's individual competence to litigate those claims without counsel." Pennewell v. Parish, 923 F.3d 486, 490 (7th Cir. 2019). The court looks at "whether the difficulty of the case, factually, legally, and practically, exceeds the litigant's capacity as a layperson to coherently litigate the case." Id. This includes "all tasks that normally attend litigation," such as "evidence gathering, preparing and responding to court filings and motions, navigating discovery,

and putting on a trial." Id. at 490-491. The court "must consider the plaintiff's literacy, communication skills, education level, litigation experience, intellectual capacity, psychological history, physical limitations and any other characteristics that may limit the plaintiff's ability to litigate the case." Id. at 491. In situations where the plaintiff files his motion in the early stages of the case, the court may determine that it is "impossible to tell whether [the plaintiff] could represent himself adequately." Pickett, 930 F.3d at 871.

The plaintiff states that he wrote to two lawyers who declined to represent him. He must contact at least one more lawyer to satisfy the requirement that he make a "reasonable attempt" to find a lawyer. But even if the plaintiff had contacted at least three lawyers and therefore made a reasonable attempt to find one on his own, the court believes that he can proceed on his own at this stage. The plaintiff has been engaging in discovery with the defendants, as demonstrated by his motion to compel and the defendants' responses to his discovery requests. After discovery, the defendants may file a motion for summary judgment and if they do, the defendants and the court will provide the plaintiff with information about how to respond to that motion. At this point, the plaintiff is not required to argue the law and or to address information contained in the defendants' answer. The plaintiff's claims are straightforward and not very complex. Based on the nature of the plaintiff's claims and his case filings, the court believes that the plaintiff can represent himself through the summary judgment stage of the case. If he needs more time to complete discovery or respond to a motion for summary judgment, the plaintiff may file a motion for extension *before the deadline that he seeks to extend passes*. Based on these factors, the court will deny without prejudice the plaintiff's motion to appoint counsel.

4

### III. Conclusion

The court **DENIES** the plaintiff's motion to compel. Dkt. No. 29.

The court **DENIES WITHOUT PREJUDICE** the plaintiff's motion to appoint counsel. Dkt. No. 30.

Dated in Milwaukee, Wisconsin this 5th day of May, 2025.

BY THE COURT:

**HON. PAMELA PEPPER**
**Chief United States District Judge**